# UNITED SECURITIES COMPANY, Appellant, v. ROBERT B. TILLEY, Respondent.

### Kansas City Court of Appeals, February 2, 1914.

1. **STATUTE OF FRAUDS: Guaranty: Telegram.** A telegram will satisfy the statute of frauds requiring a guaranty of the payment of a debt of another to be in writing.

2. **GUARANTY: Notes: "O. K.": Telegram.** If one is requested by a letter to sign a certain written guaranty which is enclosed in the letter and he refuses to answer the letter, and in three months receives a telegram calling his attention to the unanswered letter and asking him to telegraph immediately that he will sign the guaranty and mail it, but instead of so doing he telegraphed, "Those notes are O. K.," and did not sign the written guaranty requested, it was *held* that there was no obligation of guaranty entered into, but rather a refusal to do so.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris, Judge.*

AFFIRMED.

*Walker & Walker* for appellant.

(1) Telegrams as writings comply with the Statute of Frauds. Whaley v. Hinchman, 22 Mo. App. 483; Donovan v. Brewing Co., 92 Mo. App. 345; Leesley Bros. v. Fruit Co., 162 Mo. App. 202; Peycke v. Ahrens, 98 Mo. App. 456; Little v. Dougherty, 17 Pac. (Colo.) 292; Flouring Mills Co. v. Butterfield, 61 Pac. (Colo.) 479. (2) Several writings may be taken together as constituting a contract within the Statute of Frauds and reference to the same subject-matter is sufficient to connect them without more specific reference. Leesley Bros. v. Fruit Co., 162 Mo. App. 202, 203; Peycke Bros. v. Ahrens, 98 Mo. App. 456; Flouring Mills Co. v. Butterfield, 61 Pac. (Colo.) 479.

*McBaine & Clark* for respondent.

The written memoranda of the agreement is not sufficient to take the case out of the Statute of Frauds of either Missouri or Colorado. It doesn't contain a promise to pay. 1 Brand on Suretyship (3 Ed.), sec. 162; Browne Statute of Frauds (5 Ed.), p. 506; Tremaine v. Dyott, 161 Mo. App. 217.

ELLISON, P. J.—This action is on the guaranty of the payment of a promissory note for $1500 given to a bank in Colorado by O. H. Patterson which afterwards became the property of plaintiff. The judgment in the circuit court was for defendant.

Defendant is sued as a guarantor. The facts upon which it is sought to make out the guaranty are as follows, omitting much extraneous matter: Defendant and two brothers who had lived in Missouri were the owners and managers of the "Tilley Hotel and Catering Company," a corporation in Colorado. The company did not do well and defendant turned it over to his brothers and returned to this State. O. H. Patterson became interested in the hotel company after defendant left, and in November 1906, the bank signified that it would extend credit to Patterson, the understanding being that the company and the Tilleys would guarantee his indebtedness. Defendant, however, was in Missouri and was not a party to this understanding. Patterson borrowed $3000 of the bank and executed his two promissory notes of $1500 each in November, 1906 (which were afterwards paid), and a written guaranty dated November 17, 1906 (signed by defendant's brother, but not by him), in these words:

"For value received, we hereby jointly and severally guarantee the due payment at maturity or upon demand at any time thereafter, in any event, of all sums loaned by the Colorado State Bank of Durango, upon notes of O. H. Patterson, signed and guaranteed

also either upon the face or back thereof, by The Tilley Hotel & Catering Company.''

On the 10th of January, 1907, the president of the bank wrote to defendant at Columbia, Missouri, the following letter:

''On November 17th we received the within guaranty signed by Mr. J. W. Tilley and Mr. W. L. Tilley. You were away and upon your return to Durango you were to come in and also sign the same, the first line being left blank for that purpose.

''I just learn that the matter has been overlooked and that you have returned to Missouri and will probably not be out again until summer. I, therefore, hand you a guaranty for your signature and return to us. Kindly forward the same to us, and oblige.

''P. S. We have drawn the within jointly and severally, because when it comes back and we have opportunity, we will have the other names placed on the same sheet and thus have the guaranty agreement all on one paper.''

Defendant paid no attention to this letter. On the 15th of February, 1907, Patterson executed the note in suit, and more than two months afterwards, on the 23rd of April, the president of the bank sent defendant the following telegram:

''Just returned from absence. Tilley company wants further time and state your guaranty per our letter of January tenth, will be mailed immediately. Telegraph us immediately.''

In answer to this defendant sent the following telegram:

''Those notes are O. K.'' At the date of these telegrams the two notes dated in November, 1906, had matured and further time was wanted. Those notes, as already stated, were afterwards paid.

To sustain a case against defendant his obligation must be evidenced by a writing in order to satisfy the Statute of Frauds, and a telegram will suffice for a

writing. [Whaley v. Hinchman, 22 Mo. App. 483.] But he cannot be held unless the strict terms of his contract require it under a strict construction. [Kansas City v. Youman, 213 Mo. 151.]

Now we think, construing the letter to defendant of January 10th enclosing a copy of the written guaranty and asking him to sign it, with the fact that defendant would not answer the letter, and after more than three months a request by telegram is sent him to sign and he still refuses to do so, but instead, answers "Those notes are O. K." shows clearly a declination to guarantee payment, and amounts to no more than an expression of opinion that the notes are good without his guaranty. The whole effort to get defendant's guaranty failed. And the whole effort discloses a case more favorable to defendant than it would have been had the case only shown he had simply and disconnectedly stated the notes were O. K. We do not say that expression would not have been a sufficient guaranty in some circumstances, but we do say that conceding it would have been, it is governed by the matters which called out the expression, and which show he refused to guarantee the notes. Leave out of view the necessity of a writing under the Statute of Frauds and suppose the bank president and defendant had been together so they could have conversed instead of communicating by letter and telegram. The president would have asked defendant to sign the guaranty and he would have refused to do so, but at same time stating that "those notes are O. K.;" would any reasonable man suppose, in such circumstances, that he guaranteed them?

We are convinced from the face of the case as it appears from undisputed facts that instead of a guaranty being made by defendant, it is shown that he refused to enter into that obligation. The judgment is affirmed. All concur.